UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL DUNCAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 5:08-cv-1102-CLS** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Michael Duncan commenced this action on June 20, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinions of his treating physicians. Upon review of the record, the court concludes that this contention is without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Dr. Richard Gualtieri, claimant's oncologist, drafted a letter on April 7, 2006, stating:

> I am writing this letter on behalf of my patient, Michael A. Duncan, who has a previous diagnosis of stage IV (advanced)

esophageal carcinoma and who underwent aggressive chemotherapy along with radiation and subsequent extensive surgery. As a result of his treatments, he continues to experience significant fatigue and abdominal discomfort. I do not believe that he is able to remain actively employed. I anticipate that his condition will last for several years. He is unable to do any heavy lifting or strenuous activity at this point.[1]

Dr. Noel Estopinal, another treating oncologist, drafted a letter on September 22, 2006, using the exact same language as Dr. Gualtieri.[2] The ALJ afforded little weight to both of these opinions because both opinions were "not consistent with [the doctors'] own medical findings and test results, and are also inconsistent with the remaining medical evidence of record which has repeatedly shown that the claimant has been doing well."[3] Upon consideration, the court concludes these conclusions were supported by substantial evidence.

Dr. Gualitieri's records consistently reflect that claimant was doing well, or even "very well," and by November 14, 2005, Dr. Gualitieri had reduced the frequency of claimant's office visits to every six months.[4] Dr. Estopinal's records reflect similar findings.[5] Notably, these doctors' records do not reflect complaints of fatigue. Furthermore, Dr. Gualitieri's and Dr. Estopinal's opinions are inconsistent with the records of Dr. Ross Hunter, a cardiologist who examined claimant on August

---

[1] Tr. at 301.
[2] Tr. at 324.
[3] Tr. at 17.
[4] Tr. at 194-206, 326.
[5] Tr. at 269-273

3

15, 2005. Dr. Hunter noted that claimant had occasional chest discomfort, but it appeared to be musculoskeletal in nature.[6] Dr. Hunter only recommended that claimant follow up in one year.[7]

The conclusory opinions of Dr. Gualitieri and Dr. Estopinal that claimant is unable to work also are inconsistent with the opinion of the state agency medical consultant, who indicated in December 2005 that claimant could occasionally lift and/or carry twenty pounds, could frequently lift and/or carry ten pounds, could stand and/or walk for a total of six hours in an eight-hour work day, could sit for six hours in an eight-hour work day, and could perform unlimited pushing and/or pulling motions.[8] Furthermore, according to the state agency medical consultant, while claimant could never climb ladders, ropes or scaffolds, he could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.[9] He had no manipulative, visual, or communicative limitations.[10] It was recommended that claimant avoid unenclosed hazards, but claimant could endure unlimited exposure to wetness, noise, and vibration, and he could endure all but concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation.[11] The ALJ

---

[6]Tr. at 280-81.
[7]*Id.*
[8]Tr. at 287.
[9]Tr. at 288.
[10]Tr. at 289-90.
[11]Tr. at 290.

found that, "[a]lthough the [state agency] physician is non-examining and non-treating and therefore his opinion does not as a general matter deserve as much weight as those of examining or treating physicians, his opinion does deserve some weight, particularly in a case like this in which there exist a number of reasons to reach similar conclusions."[12]  Despite claimant's argument to the contrary, this finding was not error.  According to Social Security regulations, state agency medical consultants "are highly qualified physicians . . . who are also experts in Social Security disability evaluation.  Therefore, administrative law judges must consider findings of State agency medical . . . consultants . . . as opinion evidence . . . ."  20 C.F.R. § 404.1527(f)(2)(i).  The ALJ properly considered the stage agency physician's opinion, and properly balanced it against the other evidence of record.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 24th day of June, 2009.

_____
United States District Judge

---

[12]Tr. at 17.